## Jones v. Brown.

(Decided Oct. 25, 1933.)

T. E. MAHAN for appellant.

STEPHENS & STEELY, POPE & UPTON and L. O. SILER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

In the regular primary election held in Whitley
county in August, 1933, Wolford Jones and Walter
Brown were rival candidates for the Republican nom-
ination for circuit court clerk, they being the only can-
didates offering for such nomination. Upon a canvass
and tabulation of the vote Walter Brown was found
to have received 4,272 votes, and Wolford Jones to have
received 4,063, showing a majority of 209 in favor of
the former, whereupon the election commissioners
awarded a certificate of nomination to the successful
candidate. •

Within the time prescribed by law, Jones instituted
this contest proceeding, and after formal allegations
with respect to his qualifications and his compliance
with the provisions of the statutes relating to primary
election alleged in his petition in substance that con-
testee had violated the provisions of- the Corrupt Prac-
tice Act (section 1565b-1 et seq., Ky. St.) in that he
personally and by and through others with his knowl-
edge and consent had promised, given, and expended
large sums of money and other things of value to bribe
and influence voters to vote for him.

By answer contestee traversed the alleged grounds
of contest and as countergrounds of contest against
contestant affirmatively alleged like violation of the
Corrupt Practice Act upon the part of the latter, which
affirmative allegations were in turn traversed by reply.

On final hearing, after several hundred pages of
proof were taken by depositions, the court dismissed
contestant's petition and contestee's countercontest and
adjudged that contestee was entitled to the certificate of
nomination and to have his name printed upon the bal-
lot at the regular election as thereby authorized. It
was further adjudged that, as both parties had unduly
extended the depositions by unnecessary cross-examina-
tion, contestant should pay two-thirds of the costs of
the action, and that appellee should pay one-third of
such costs. Contestant is appealing.

Included in the record is an opinion by the special
judge who was designated to try the case, wherein evi-
dence to sustain the grounds of contest is reviewed and

summed up. It is then pointed out that this evidence is so overcome by impeachment, contradiction, and proven facts to the contrary as to leave no substantial basis for a conclusion that there was a violation of the Corrupt Practice Act.

A careful reading and consideration of the evidence clearly discloses that the judgment is amply sustained by the evidence, and in such circumstances this court would not be authorized to disturb the lower court's finding.

Judgment affirmed.

Whole court sitting.